JUDGE SWEET

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

BSH HAUSGERÄTE GMBH,

Petitioner,

-vs-

JAK KAHMI

Respondent.

Civil Action No. 17 CV 5776

# MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER OF ATTACHMENT

PILLSBURY WINTHROP SHAW PITTMAN LLP
Kenneth W. Taber
Nicholas M. Buell

1540 Broadway
New York, NY 10036-4039
Telephone: (212) 858-1000
Fax: (212) 858-1500

*Attorneys for Petitioner BSH Hausgeräte GMBH*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................ 1

STATEMENT OF FACTS ........................................ 1

A. The Parties ........................................ 1

B. The Arbitration ........................................ 2

C. Kahmi's Refusal to Comply With the Arbitral Award ........................................ 3

D. The Property ........................................ 4

ARGUMENT ........................................ 4

A. BSH is Entitled to an *Ex Parte* Order of Attachment Under CPLR 6201(1) & 6211 ........................................ 4

1. BSH Will Certainly Succeed On the Merits of Its Claim ........................................ 5

2. Kahmi Is a Nondomiciliary Residing Without the State ........................................ 7

3. Kahmi Does Not Allege Any Counterclaims ........................................ 7

B. Attachment Is Necessary ........................................ 8

C. Petitioner Will Provide an Undertaking ........................................ 9

CONCLUSION ........................................ 10

## TABLE OF AUTHORITIES

Page

### Cases

*Boarding School Review, LLC v. Delta Career Educ. Corp.*,
No. 11 Civ. 8921 (DAB), 2013 WL 6670584 (S.D.N.Y. Mar. 29, 2013) .............................. 4

*Capital Ventures Intern. v. Rep. of Argentina*,
443 F.3d 214 (2d Cir. 2006)........................................................................................ 8

*CME Media Enterprises B.V. v. Zelezny*,
No. 01 CIV. 1733 (DC), 2001 WL 1035138 (S.D.N.Y. Sept. 10, 2001)............................... 8

*Crescendo Mar. Co. v. Bank of Commc'ns Co. Ltd.*,
No. 15 Civ. 4481 (JFK), 2016 WL 750351 (S.D.N.Y. Feb. 22, 2016).................................. 8

*D.H. Blair & Co. v. Gottdiener*,
462 F.3d 95 (2d Cir. 2006)......................................................................................... 6

*Davila Pena v. Morgan*,
149 F. Supp. 2d 91 (S.D.N.Y. 2001)............................................................................. 7

*Etalon Imob S.R.L. v. Schoenbach*,
2012 U.S. Dist. LEXIS 144005 (S.D.N.Y. Oct. 3, 2012) ................................................... 9

*Ford Motor Credit Co. v. Hickey Ford Sales, Inc.*,
62 N.Y.2d 291 (1984) ................................................................................................ 5

*In re Amaranth Natural Gas Commodities Litig.*,
711 F. Supp. 2d 301 (S.D.N.Y. 2010)........................................................................ 5, 9

*ITC Entertainment, Ltd. v. Nelson Film Partners*,
714 F.2d 217 (2d Cir. 1983)..................................................................................... 7, 9

*Landy Michaels Realty Corp. v. Local 32B-32J Service Employees Int'l Union*,
954 F.2d 794 (2d Cir. 1992 ......................................................................................... 6

*Loew v. Kolb*,
No. 03 Civ. 5064, 2003 WL 22077454 (S.D.N.Y. Sept. 8, 2003) .......................................... 6

*Mangold v. Neuman*,
449 N.Y.S.2d 232 (1st Dep't 1982) ............................................................................... 7

*New York Dist. Council of Carpenters Pension Fund v. KW Const., Inc.*,
No. 07 CIV 8008 (RJS), 2008 WL 2115225 (S.D.N.Y. May 16, 2008)................................. 6

*OSRecovery, Inc. v. One Groupe Int'l, Inc.*,
305 F. Supp. 2d 340 (S.D.N.Y. 2004)........................................................................ 10

*Patsy's Italian Restaurant, Inc. v. Banas*,
575 F. Supp. 2d 427 (E.D.N.Y. 2008), *aff'd*, 658 F.3d 254 (2d Cir. 2011) ..... 4

*Pena v. Morgan*,
149 F. Supp. 2d 91 (S.D.N.Y. 2001) ..... 9

*SiVault Sys. Inc. v. Wondernet Ltd.*,
No. 05 Civ. 0890, 2005 U.S. Dist. LEXIS 4635 (S.D.N.Y. Mar. 25, 2005) ..... 4

*VRG Linhas Aeras S.A. v. Matlin Patterson Global Opportunities Partners II L.P.*,
717 F.3d 322 (2d Cir. 2013) ..... 6

**Statutes and Codes**

Turkish Law
No. 3095, Article 4(a) ..... 3

United States Code
Title 9, Section 207 ..... 1, 3

**Rules and Regulations**

Federal Rules of Civil Procedure
Rule 64 ..... 4

New York Civil Practice Law and Rules
Rule 5201 ..... 4
Rule 5206 ..... 5
Rule 6201 ..... 1
Rule 6201(1) ..... 4, 5, 7
Rule 6202 ..... 4
Rule 6211 ..... 1, 4, 5
Rule 6212 ..... 1, 6, 7
Rule 6212(a) ..... 5, 7
Rule 6212(b) ..... 9

**Other Authorities**

BLOOMBERG, https://www.bloomberg.com/quote/EURUSD:CUR
(last visited July 28, 2017) ..... 9

Restatement (Third) U.S. Law of Int'l Comm. Arb. § 4-27 TD No. 3,
Reporters' Note c (2013) ..... 8

Petitioner BSH Hausgeräte GMBH ("Petitioner" or "BSH") respectfully submits this memorandum of law in support of its *Ex Parte* Application for an Order of Attachment against the real property of Respondent Jak Kahmi ("Respondent" or "Kahmi") pursuant to Rule 64 of the Federal Rules of Civil Procedure ("FRCP"), and Rules 6201, 6211, and 6212, of the New York Civil Practice Law and Rules ("CPLR").

## PRELIMINARY STATEMENT

This is an action under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), 9 U.S.C. § 207, to confirm a foreign arbitral award and to enter judgment thereon.

Given: (1) the high probability that this Court will confirm the arbitration award and enter judgment against Respondent; (2) that a statutory ground for attachment exists; and (3) that the amount demanded from Respondent exceeds all counterclaims known to Petitioner (of which there are none), BSH requests that an *ex parte* order of attachment be entered against Respondent's real property located at 15 West 53rd Street, Apt. 32B, New York, New York 10019 (the "Property").

## STATEMENT OF FACTS

The relevant facts are described in BSH's Petition to Confirm a Foreign Arbitration Award and For Entry of Judgment (the "Petition"), the Declaration of Nicholas M. Buell In Support of the Petition and Petitioner's *Ex Parte* Application For an Order of Attachment, dated July 28, 2017 ("Buell Decl." or "Buell Declaration"), and the exhibits thereto.

### A. The Parties

BSH is a company incorporated under the laws of Germany, which manufactures home appliances in Europe. *See* Buell Decl., Ex. E ¶ 3 (Final Award). BSH was a respondent in an arbitration (the "Arbitration") conducted through the International Chamber of Commerce's

International Court of Arbitration (the "ICC") and captioned: *(1) Jak Kamhi (Turkey), (2) Suzan Aciman (Turkey), (3) Vili Kamhi (Turkey), (4) Levent Gabay (Turkey), (5) Pal Rakos (Turkey) v. 1. BSH Hausgeräte GMBH (Germany), 2. Deutsche Bank AG (Germany)*, ICC Arbitration Case No. 19768/GFG/ZF. *See id.* BSH owns all right, title and interest in the arbitral award (the "Final Award") rendered in that case. *See generally, id.*

Respondent Kahmi is a Turkish national, is one of the founders of the Profilo group of companies, and is in the business of the manufacture, distribution and sale of household appliances and light electronic goods. *See* Buell Decl., Exs. D title page, ¶ 1 (Final Award) & B at 1 (Kahmi Request for Arbitration). Respondent Kahmi was a claimant in the Arbitration. *See id.*

**B. The Arbitration**

BSH and Kahmi entered into a Share Sale and Purchase Agreement, dated October 2, 2003, pursuant to which BSH purchased a number of shares in a company called BSH Profilo Elektrikli Gereçler Sanayii A.Ş (the "SPA-BSH"). *See* Petition ¶ 7; Buell Decl., Ex. A (SPA-BSH). The SPA-BSH contained an agreement to arbitrate disputes through the ICC. *See* Buell Decl., Ex A, Art. 10 (SPA-BSH). In addition to the SPA-BSH, Kahmi was a party to a Share and Sale Purchase Agreement, dated October 7, 2003, with a separate respondent in the Arbitration (the "SPA-DB"); BSH was not a party to the SPA-DB. *See* Petition ¶ 9; Buell Decl., Ex. B (SPA-DB). The SPA-DB also contained an agreement to arbitrate disputes before the ICC. *See id.* ¶ 10; Buell Decl., Ex. B, Art. 5 (SPA-DB).

On October 7, 2013, Kahmi submitted such a Request for Arbitration to the ICC. *See* Buell Decl., Exs. B (Kahmi Request for Arbitration) & D ¶ 67 (Final Award). On January 15, 2014, BSH filed its Answer to the Request for Arbitration, explicitly consenting to the

jurisdiction of the ICC. *See* Buell Decl., Exs. C ¶¶ 11-12 (BSH Answer to Request for Arbitration) & D ¶ 10 (Final Award).

Respondent Kahmi sought extraordinary monetary and non-monetary relief in the Arbitration based on the theory that the termination of a distributorship agreement, to which BSH was not even a party, triggered the automatic rescission and termination of the SPA-BSH agreement. *See* Petition ¶ 14; *see also* Buell Decl., Exs. D ¶¶ 143-147 (Final Award) & B (Kahmi Request for Arbitration). After nearly three years, extensive written submissions, and two full days of hearings which included live testimony, the tribunal of three arbitrators (the "Arbitral Tribunal") issued their Final Award on February 6, 2017, awarding BSH a money judgment against Kahmi in the amount of: (1) $544,230; (2) €1,900,487.13; and (3) interest on the amounts of $544,230 and €1,900,487.13, under Article 4(a) of the Turkish Law No. 3095, at the applicable rate, compounded annually, from February 7, 2017 until full and final settlement of the Award. *See* Buell Decl., Ex. E ¶¶ 67-142, 574-79 & Sec. XVIII (Final Award). Petitioner now seeks to confirm the Award in a summary proceeding guaranteed by 9 U.S.C. § 207.

As detailed below, BSH also requests that an *ex parte* order of attachment be entered against the Property.

**C. Kahmi's Refusal to Comply With the Arbitral Award**

Despite the fact that the Final Award was issued and served on the parties on February 6, 2017, Respondent has failed to render payment pursuant to its terms. Even when counsel for Petitioner sent a letter, by email and UPS on May 4, 2017, to Respondent requesting that Respondent render payment to Petitioner pursuant to the terms of the Final Award, *see* Buell Decl., Ex. I (BSH Request for Payment), Respondent ignored Petitioner's request. Kahmi has, to this day, failed and refused to comply with the Final Award. *See* Buell Decl. ¶ 11.

**D. The Property**

Title to the Property, located at 15 West 53rd Street, Apt. 32B, New York, New York 10019, is solely in Kahmi's name and is unencumbered. *See* Buell Decl., Exs. E (Deed) & F (ACRIS Report).[1]

The Property is not Kahmi's residence, but is instead rented out by Kahmi. *See* Buell Decl., Ex. J (confirmation of rental); *see also Boarding School Review, LLC v. Delta Career Educ. Corp.*, No. 11 Civ. 8921 (DAB), 2013 WL 6670584, at *1 n.1 (S.D.N.Y. Mar. 29, 2013) ("The Court generally has the discretion to take judicial notice of internet material."); *Patsy's Italian Restaurant, Inc. v. Banas*, 575 F. Supp. 2d 427, 443 n.18 (E.D.N.Y. 2008) ("It is generally proper to take judicial notice of articles and Web sites published on the Internet."), *aff'd*, 658 F.3d 254 (2d Cir. 2011).

**ARGUMENT**

Rule 64 of the FRCP governs this application for an order of attachment. Rule 64 provides, in relevant part, that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." *See, e.g.*, *SiVault Sys. Inc. v. Wondernet Ltd.*, No. 05 Civ. 0890, 2005 U.S. Dist. LEXIS 4635, at *7 (S.D.N.Y. Mar. 25, 2005).

**A. BSH is Entitled to an *Ex Parte* Order of Attachment Under CPLR 6201(1) & 6211**

New York law permits attachments on any property (real or personal) against which a money judgment may be enforced. CPLR § 6202. Respondent's Property is plainly such property that may be used to satisfy a money judgment. *See* CPLR § 5201; *see also* CPLR §

[1] *See Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) ("As to the seven documents retrieved from official government websites . . . it is clearly proper to take judicial notice. Courts routinely take judicial notice of such governmental records.") (compiling cases).

5206 (itemizing list of real property exempt from judgment, none of which are applicable to the Property).

Pursuant to CPLR § 6211, "[a]n order of attachment may be granted without notice, before or after service of summons and at any time prior to judgment." To obtain such an order of attachment, a petitioner must show that (1) "there is a cause of action, that it is probable that the plaintiff will succeed on the merits"; (2) "that one or more grounds for attachment provided in CPLR 6201 exist"; and (3) "that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff." CPLR 6212(a) ; *Ford Motor Credit Co. v. Hickey Ford Sales, Inc.*, 62 N.Y.2d 291, 301 (1984). Under CPLR 6201(1), an attachment may be granted "in any action . . . where the plaintiff has demanded and would be entitled, in whole or in part . . . to a money judgment" against a defendant when "the defendant is a nondomiciliary residing without the state."

As set forth below, BSH readily meets each one of these requirements and is therefore entitled to entry of an *ex parte* order of attachment. *See In re Amaranth Natural Gas Commodities Litig.*, 711 F. Supp. 2d 301, 305-06 (S.D.N.Y. 2010) ("[W]here a statutory ground for attachment exists and both need and likelihood of success are established, a district court's discretion does not permit denial of the remedy for some other reason, at least absent extraordinary circumstances and perhaps not even then.") (internal citation omitted).

### 1. BSH Will Certainly Succeed On the Merits of Its Claim

"To show a probability of success on the merits for purposes of an application for an order of attachment, the moving party must demonstrate that it is more likely than not that it will succeed on its claims. Specifically, plaintiffs must show 'proof stronger than that required to establish a *prima facie* case.'" *New York Dist. Council of Carpenters Pension Fund v. KW*

*Const., Inc.*, No. 07 CIV 8008 (RJS), 2008 WL 2115225, at *1 (S.D.N.Y. May 16, 2008) (internal citations omitted).

Here, BSH's Petition to confirm the Final Award and its supporting papers demonstrate that BSH will certainly succeed on the merits of its claim. *See Loew v. Kolb*, No. 03 Civ. 5064, 2003 WL 22077454, at *2 (S.D.N.Y. Sept. 8, 2003) (granting pre-judgment restraint of defendant's assets in connection with petition to confirm arbitral award, noting that "the Court's power to review an arbitration award is severely limited under the Federal Arbitration Act," and that "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment on the court"); *see also VRG Linhas Aeras S.A. v. Matlin Patterson Global Opportunities Partners II L.P.*, 717 F.3d 322, 325 (2d Cir. 2013) (stressing the heavy burden a party seeking to avoid the confirmation of an arbitration award must overcome due to the public policy favoring arbitration).

Moreover, "[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Landy Michaels Realty Corp. v. Local 32B-32J Service Employees Int'l Union*, 954 F.2d 794, 979 (2d Cir. 1992)). Here, the Arbitral Tribunal provided far more than merely a "colorable justification" for the Final Award. Following three years of proceedings, the Arbitral Tribunal engaged in a painstaking analysis of all the procedural and substantive issues raised in the Arbitration, resulting in a 156-page reasoned decision. *See* Buell Decl., Ex. E (Final Award).

Consequently, because it is highly unlikely this Court will deny BSH's petition to confirm the Final Award, BSH has more than satisfied the likelihood of success prong of CPLR § 6212.

### 2. Kahmi Is a Nondomiciliary Residing Without the State

Respondent Kahmi is a nondomiciliary Turkish national whose address is Cemal Sahir SK. no: 26-28, Mecidiyeköy Şişli, 34394 **Istanbul, Turkey**. *See* Buell Decl., Exs. D ¶ 1 (Final Award) & B at 1 (Kahmi Request for Arbitration).

Kahmi thus resides without the state. His only real property within the state that we have been able to locate is the Property at issue here. *See* Buell Decl., Ex. G (ACRIS Report). As discussed above, the Property is not Kahmi's residence, but is instead rented out by Kahmi. *See* Buell Decl., Ex. J (confirmation of rental). *See Davila Pena v. Morgan*, 149 F. Supp. 2d 91, 93 (S.D.N.Y. 2001) ("[Defendant's] maintenance of a rental apartment in Manhattan for use on his frequent trips here does not alter the fact that he is a nondomiciliary residing outside the state."); *see also ITC Entertainment, Ltd. v. Nelson Film Partners*, 714 F.2d 217, 221 (2d Cir. 1983) (attachment was proper under CPLR § 6201(1) even where defendant owned cooperative apartment in New York); *Mangold v. Neuman*, 449 N.Y.S.2d 232, 232 (1st Dep't 1982) (upholding finding that defendant's apartment, which she maintained and paid for herself, and which she used about twice a month for business reasons, was not a "residence").

### 3. Kahmi Does Not Allege Any Counterclaims

Finally, to obtain an attachment, a petitioner must also show "that the amount demanded from defendant exceeds all counterclaims known to plaintiff." CPLR § 6212(a). Here, BSH is unaware of any counterclaims that Kahmi could still assert against BSH, *see* Buell Decl., Ex. H (Letter from Swiss Federal High Court), and all of his claims in the Arbitration were soundly rejected by the Arbitral Tribunal. *See generally*, Buell Decl., Ex. E (Final Award). Thus, the amount demanded from Kahmi exceeds all counterclaims known to BSH.

Accordingly, BSH has established that all the requirements of CPLR § 6212 are met and this Court should grant an order of attachment against Kahmi in connection with the Property.

**B. Attachment Is Necessary**

In addition to the statutory requirements for an order of attachment, courts may consider whether an attachment is necessary either for jurisdictional or security purposes. *See Capital Ventures Intern. v. Rep. of Argentina*, 443 F.3d 214, 219 (2d Cir. 2006). Here, attachment is necessary for both jurisdictional and security purposes.

First, with respect to jurisdiction, this Court has *quasi-in-rem* jurisdiction in this matter by virtue of Kahmi's real property located at 15 West 53rd Street, Apt. 32B, New York, New York 10019 (the "Property"). *See Crescendo Mar. Co. v. Bank of Commc'ns Co. Ltd.*, No. 15 Civ. 4481 (JFK), 2016 WL 750351, at *5 (S.D.N.Y. Feb. 22, 2016) (holding that the Court had *quasi-in-rem* jurisdiction to enforce a foreign arbitration award against defendant by virtue of the fact that defendant maintained assets in New York); *see also CME Media Enterprises B.V. v. Zelezny*, No. 01 CIV. 1733 (DC), 2001 WL 1035138, at *3 (S.D.N.Y. Sept. 10, 2001) (holding that the court had *quasi in rem* jurisdiction to enforce a foreign arbitration award, even though it lacked personal jurisdiction over the defendant, by virtue of the fact that defendant maintained a bank account within the Southern District of New York).

It is well-established that this Court has jurisdiction over Respondent's property, even where that property is unrelated to the dispute, because the merits of the dispute have already been determined by the Arbitral Tribunal. *See Crescendo Mar. Co.*, 2016 WL 750351, at *5; Restatement (Third) U.S. Law of Int'l Comm. Arb. § 4-27 TD No. 3, Reporters' Note c (2013). The Arbitral Tribunal had personal jurisdiction over Respondent Kamhi by virtue of the arbitration clause and his commencement of the Arbitration. The Arbitral Tribunal fully and thoughtfully adjudicated his claims, and determined that Kamhi was a debtor of BSH. *See* Petition ¶¶ 8-17. Thus, while enforcement of BSH's Petition may be limited to the value of Kahmi's Property, the Court clearly has *quasi-in-rem* jurisdiction over BSH's Petition.

An attachment is also necessary here for security purposes. The collectability of any judgment against Respondent is uncertain because the overwhelming majority of Respondent's assets are outside New York. *See Pena v. Morgan*, 149 F. Supp. 2d 91, 93-95 (S.D.N.Y. 2001) (ordering attachment in aid of security where most of defendant's assets were outside of New York); *ITC Entertainment, Ltd. v. Nelson Film Partners*, 714 F.2d 217, 220 (2d Cir. 1983) (noting the security function of attachment). As noted above, Respondent is a Turkish national and, aside from the Property, Respondent's assets all appear to be located outside the jurisdiction of the New York courts. Thus, this Court should issue an order of attachment against the Property to provide BSH appropriate security.

**C. Petitioner Will Provide an Undertaking**

Pursuant to CPLR § 6212(b), Petitioner will give an undertaking in a total amount fixed by this Court.

On an application for an order of attachment, petitioners are required to given an undertaking "in a total amount fixed by the court, but not less than five hundred dollars . . . ." CPLR § 6212(b). At the current exchange rate calculated by Bloomberg Markets, Petitioner's arbitral award amounts to $2,776,162.09, in addition to interest thereon, compounded annually, from February 7, 2017 until full and final settlement of the Final Award. *See* BLOOMBERG, https://www.bloomberg.com/quote/EURUSD:CUR (last visited July 28, 2017). Here, Petitioner proposes an undertaking of $15,000 for attachment of up to $3,000,000 in assets, or .05% of the assets. That percentage of assets is similar to the percentage used in other attachment cases. *See, e.g., Etalon Imob S.R.L. v. Schoenbach*, 2012 U.S. Dist. LEXIS 144005, at *16-17 (S.D.N.Y. Oct. 3, 2012) (undertaking of $500 on assets of $1,000,000, or .05% of the assets); *In re Amaranth Natural Gas Commodities Litig.*, 711 F. Supp. 2d 301, 313 (S.D.N.Y. 2010) (undertaking of $250,000 on assets of $72.4 million, or .35% of the assets); *OSRecovery, Inc. v.*

*One Groupe Int'l, Inc.*, 305 F. Supp. 2d 340, 348 (S.D.N.Y. 2004) (undertaking of $100,000 on assets of $250,000,000, or .04% of the assets).

## CONCLUSION

For the reasons stated above, Petitioner respectfully requests that its *ex parte* application for an order of attachment against 15 West 53rd Street, Apt. 32B be granted in its entirety, and that this Court:

(1) issue an *ex parte* order of attachment in the terms set forth in the proposed order submitted herewith, attaching Respondent's Property located in the State of New York; and

(2) to appoint the U.S. Marshal for the Southern District of New York, or any person appointed to act in his place and stead, for the purpose of serving the Order of Attachment and effecting the levy.

Petitioner will thereafter move for confirmation of the order pursuant to the requirements of the CPLR.

Dated: New York, New York
July 28, 2017

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: [signature]

Kenneth W. Taber
Nicholas M. Buell
1540 Broadway
New York, NY 10036-4039
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
kenneth.taber@pillsburylaw.com
nicholas.buell@pillsburylaw.com

*Attorneys for Petitioner BSH Hausgeräte GMBH*