## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

BSH HAUSGERÄTE GMBH,

                   Petitioner,

      -vs-

JAK KAMHI

               Respondent.

Civil Action No. 17-5776 (RWS)

## PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF
## ITS MOTION FOR THE APPOINTMENT OF A RECEIVER

PILLSBURY WINTHROP SHAW PITTMAN LLP
Kenneth W. Taber
Nicholas M. Buell

1540 Broadway
New York, NY 10036-4039
Telephone: (212) 858-1000
Fax: (212) 858-1500

*Attorneys for Petitioner BSH Hausgeräte GMBH*

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT............................................................................................................................. 3

    I.   The Court Should Appoint a Receiver to Collect and Sell the Property ............................ 3

    II.  The Proposed Receiver ...................................................................................................... 5

CONCLUSION.......................................................................................................................... 5

i

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Baker v. Dorfman, P.L.L.C.,*
  No. 99-cv-9385 (DLC), 2000 WL 1010285 (S.D.N.Y. July 21, 2000) ..................................... 3

*Chlopecki v. Chlopecki,*
  296 A.D.2d 640 (3d Dep't 2002) ........................................................................................... 3

*Hotel 71 Mezz Lender LLC v. Falor,*
  14 N.Y.3d 303 (2010) ............................................................................................................ 3

*United States v. Vulpis,*
  967 F.2d 734 (2d Cir. 1992) ............................................................................................... 3, 4

*United States v. Zitron,*
  No. 80 Civ. 6535 (RLC), 1990 WL 13278 (S.D.N.Y. Feb. 2, 1990) ....................................... 3

### <u>Rules and Regulations</u>

Federal Rules of Civil Procedure
  Rule 64 ............................................................................................................................... 1, 3
  Rule 66 ............................................................................................................................... 1, 3
  Rule 69 ............................................................................................................................... 1, 3

New York Civil Practice Law and Rules
  Section 5228 ................................................................................................................. 1, 2, 3, 4
  Section 5228(a) ..................................................................................................................... 1

4839-5742-5763.v1

Petitioner BSH Hausgeräte GMBH ("Petitioner" or "BSH") respectfully submits this memorandum of law in support of its motion: (1) under Fed. R. Civ. P. 66 and N.Y. C.P.L.R. § 5228(a) appointing a receiver (the "Receiver") to administer, collect, and sell the real property owned by Respondent Jak Kamhi ("Kamhi") located at 15 West 53rd Street, Apt. 32B, New York, NY 10019 (the "Property"), which is currently secured by Order of Attachment [ECF No. 22], and to do any other acts required to satisfy the Final Judgment herein [ECF No. 66], plus post-judgment interest; (2) directing Kamhi to turn over to the Receiver title to the Property pursuant to Fed. R. Civ. P. 64, 66 & 69 and N.Y. C.P.L.R. § 5228 in order to satisfy the Final Judgment, plus post-judgment interest; and (3) for such other and further relief as may be just and proper.

## PRELIMINARY STATEMENT[1]

BSH respectfully requests the Court's assistance to enforce the Final Judgment issued against Kamhi in this matter on April 3, 2018. Such assistance is necessary because of Kamhi's continuing failure and refusal to satisfy the Final Judgment that was entered against him. *See* ECF No. 66. It is now readily apparent that Kamhi will not pay any portion of the Final Judgment absent the collection measures requested in this application. As demonstrated below, the appointment of a receiver to sell the real property subject to the Court's Order of Attachment is necessary to ensure that the Final Judgment is paid.

N.Y. C.P.L.R. § 5228 vests the Court with discretion to appoint a receiver "to administer, collect, improve, lease, repair or sell any real or personal property in which the judgment debtor

---

[1] Unless otherwise specified, capitalized terms used herein shall have the meaning ascribed to them in the Amended Petition to Confirm a Foreign Arbitration Award and for Entry of Judgment [ECF No. 20], the Memorandum of Law in Support of Petitioner's Motion to Confirm the Order of Attachment [ECF No. 25], and the Memorandum of Law in Opposition to Petitioner's Motion to Confirm the Order of Attachment [ECF No. 40] (the "Opposition" or "Opp.").

has an interest or to do any other acts designed to satisfy the judgment." It is well established that the appointment of a receiver should be granted where, as here, the judgment debtor's holdings in the jurisdiction are illiquid and limited, and enforcement of the judgment by the sheriff would be impractical and unduly burdensome. Indeed, an ordinary sheriff's sale here would be unlikely to result in the recovery of the full value of the real estate asset at issue. A receive with direct, and extensive, experience selling such luxury real estate offers a far better solution. Not surprisingly, Courts routinely grant motions to appoint receivers, pursuant to N.Y. C.P.L.R. § 5228, under such circumstances.

## STATEMENT OF FACTS

On April 3, 2018, the Court issued a Final Judgment in BSH's favor and against Kamhi in the following amounts: (1) $544,230; (2) €1,900,487.13; (3) $6,270.57; and (4) €10,941.47. *See* ECF No. 66. Kamhi has failed and refused to satisfy that Final Judgment, however. *See* Declaration of Nicholas M. Buell, dated April 30, 2018 ("Buell Declaration" or "Buell Decl.") ¶ 4 & Ex. A.

The overwhelming majority of Kamhi's assets are located outside New York, aside from an apartment at 15 West 53rd Street, Apt. 32B, New York, New York 10019 (the "Property"). Accordingly, this Court issued an Order of Attachment, dated July 31, 2017, and corrected on August 3, 2017 [ECF No. 22], against the Property. On October 18, 2017, this Court confirmed the Order of Attachment. [ECF No. 60]. As the Court recognized in its Opinion to Confirm the Order of Attachment, "[t]itle to the Property is solely in Kamhi's name, is unencumbered, and is a rented residence." *Id.* at 4. BSH is unaware of any other assets Kamhi has within this jurisdiction which can be used to satisfy the Final Judgment.

4839-5742-5763.v1

## **ARGUMENT**

The Court should appoint a Receiver to collect, administer, and sell the Property in order to satisfy the Final Judgment. Rules 64, 66 and 69 of the Federal Rules of Civil Procedure authorize the appointment of such a Receiver to sell the Property in order to satisfy the Final Judgment issued by this Court in BSH's favor. N.Y. C.P.L.R. § 5228 likewise provides that "the court may appoint a receiver who may be authorized to administer, collect, improve, lease, repair or sell any real or personal property in which the judgment debtor has an interest or to do any other acts designed to satisfy the judgment."

The appointment of a receiver is subject to the Court's discretion. *See United States v. Vulpis*, 967 F.2d 734, 736 (2d Cir. 1992). Courts will consider several factors when determining whether to appoint a Receiver of a judgment debtor's assets, including: "'(1) alternative remedies available to the creditor . . . ; [and] (2) the degree to which receivership will increase the likelihood of satisfaction." *Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 317-18 (2010) (quoting *United States v. Zitron*, No. 80 Civ. 6535 (RLC), 1990 WL 13278, at *1 (S.D.N.Y. Feb. 2, 1990)); *see also Baker v. Dorfman, P.L.L.C.*, No. 99-cv-9385 (DLC), 2000 WL 1010285, at *7 (S.D.N.Y. July 21, 2000); *Chlopecki v. Chlopecki*, 296 A.D.2d 640, 641 (3d Dep't 2002).

## I.    The Court Should Appoint a Receiver to Collect and Sell the Property

The appointment of a Receiver is critical here because (1) other than a far less efficient sale by the Sheriff, there are no alternative remedies available to BSH, as judgment creditor, and (2) the appointment of a Receiver should greatly increase the likelihood of satisfaction of the Final Judgment.

*First*, absent the sale of the Property, BSH will be unable to recover the amounts owed to it pursuant to the Final Judgment. Indeed, that is precisely why BSH sought and obtained the

3

4839-5742-5763.v1

Order of Attachment in the first instance: aside from the Property, Kamhi does not appear to have any assets located within New York. *See* Opinion Confirming Order of Attachment [ECF No. 60] at 19-20 ("Petitioner has represented that, aside from the Property, Respondent's assets are outside New York, a fact that Respondent has not contested, and Respondent has recently placed the Property for sale. As such, even if jurisdiction were already established, confirmation would still be appropriate to ensure a nondomiciliary does not 'render itself judgment-proof in this jurisdiction.'" (internal citations omitted).

Second, the appointment of a Receiver to sell the Property will greatly increase the likelihood of satisfaction of the Final Judgment against Kamhi. Simply put, sale of the Property by the sheriff at a public auction is far less likely to yield the same sale price as that of a curated private sale orchestrated by a real estate broker experienced in the sale of luxury properties. *See United States v. Vulpis*, 967 F.2d 734, 736 (2d Cir. 1992) ("Under New York law, a receivership to sell the judgment debtor's property is appropriate when, in the judgment of the court, a public auction is inadequate . . . because it is unlikely to produce significant bids . . . .") (citations and quotations omitted).

Accordingly, appointment of a receiver pursuant to C.P.L.R. § 5228 is both necessary and appropriate in this case. *See id.* ("[i]f it appears that a private sale of the property, through the usual channels of advertisement or brokerage, will likely get a better price than what might be expected of the public auction under CPLR 5236, the court on motion can appoint a receiver to make such a sale.") (citing N.Y. C.P.L.R. § 5228); *see also id.* § 512 (appointment of a receiver to sell real property "will likely bring a substantially higher price than would the public auction that a sheriff is required to conduct when levying an execution . . . especially . . . when the debtor's residence is involved.").

4

Moreover, because Kamhi, as judgment debtor, will receive "[w]hatever is left over from the sale's proceeds after payment of all fees, expenses, and taxes (in that order) and execution issuers and junior lienors," there should be no dispute that the appointment of a Receiver is in both parties' interest here. Siegel § 500.

Of course, should Kamhi reconsider his position and voluntarily satisfy the Final Judgment, including post-judgment interest, the appointment of a Receiver would be unnecessary. But until and unless Kamhi does so, the appointment of a Receiver is necessary and appropriate.

## II.    The Proposed Receiver

Petitioner respectfully requests that Stuart N. Siegel, President and CEO of Engel & Völkers New York, be appointed as receiver in this case. Mr. Siegel's team is comprised of experienced, nationally-recognized and well-respected real estate brokers with significant experience marketing and selling luxury residential properties in New York City. Copies of Mr. Siegel's resume, Mr. Siegel's professional biography, the resume of Dolly Hertz (a member of Mr. Siegel's team), and Ms. Hertz's professional biography are attached to the Buell Declaration as Exhibits B-E.

## CONCLUSION

For the reasons stated above, BSH respectfully requests that the Court grant its Motion for the Appointment of a Receiver to sell the Property, 15 West 53rd Street, Apt. 32B, currently secured by an Order of Attachment, in order to satisfy the Final Judgment, including post-judgment interest thereon.

5

Dated: New York, New York
      April 30, 2018

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: _____

Kenneth W. Taber
Nicholas M. Buell
1540 Broadway
New York, NY 10036-4039
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
kenneth.taber@pillsburylaw.com
nicholas.buell@pillsburylaw.com

*Attorneys for Petitioner BSH Hausgeräte GMBH*

6